Mathews, J.
delivered the opinion of the court. The insolvent Larionda, the attorney in fact of Gregorio de la Caygas, sues in the name of his constituent, an inhabitant of the city of Trinidad, in the island of Cuba, and *284 in the court below, to support his authority to sue offered in evidence a power of attorney purporting to have been executed before a notary public of that city. In the usual and legal manner of executing such instruments, in places belonging to the sovereignty of Spain, the original or protocole is registered in the office of the notary, whose duty it is to keep it and to give a certificate copy, known to the Spanish laws, under the appellation of copia original, which when faithfully transcribed and authenticated by him is considered as an original. The instrument offered by the plaintiff and appellant is of this kind, and is certified in the customary mode, under the notary’s hand and signo, accompanied by a certificate of three persons, stating themselves to be of the cabildo of that city, attesting that he is a notary public, and that faith is and ought to be given to his certificates, as such: the seal of the college of the notaries of the Havanna is also affixed. In addition to this, the plaintiff offered to the parish court a witness, by whom he expected to prove the signature at the foot of the power of attorney, to be that of a notary public, whose handwriting was well known to the witness.
East’n. District.
April 1816.
This witness being rejected, on the ground that the signature and official capacity of the no *285 tary ought to have been proven, by the certificate of the American Consul in the island of Cuba, the plaintiff filed a bill of exceptions to the opinion of the parish court, on which alone the cause now stands before us.
According to the doctrine laid down by the supreme court of the United States, in the case of Church vs. Hubbard, 2 Cranch. 187, referred to by this court in the case of Caune vs. Sagory, ante 81, the opinion of the parish judge in rejecting the witness is not supported by his reasoning, as the instrument offered in evidence is clearly not one of those which could receive authenticity, by the certificate of one of the agents of our government. It therefore becomes our duty to enquire whether it can be maintained by any other reasoning or principle of law. In cases of protested bills of exchange, the certificate of a notary public authenticated by his seal of office, is received in the courts of the United States as full proof of the drawer’s refusal to accept of pay the bill, and according to the commercial law of England, when a notary public resides in the place to which it is sent, no other evidence will be received of that fact, in a congest relating to a foreign bill. This is perhaps allowed for the benefit of commerce : as the de *286 lays necessary to obtain authenticity to the protest, under the great seal of the nation, may be considered as incompatible with the dispatch required, in aid of fair and profitable commerce. It might be farther remarked, that this evidence is never offered to prove the main fact in the case, which is always the signature of the drawer and endorsers.. Whatever may be the reason for it, it is in such case an established rule of evidence : but, we believe it does not extend further.
In investigating the subject under consideration, some difficulty occurs, whether to consider the instrument in the nature of an original act of the party, or a copy taken from the record of such an act. It is in truth what is called by the Spanish jurists an original, known to the laws of Spain as a public act, carrying with it its own faith and credit, and making full proof in the tribunals of that country, which arises from the authenticity it receives from the signature of a known officer of government, appointed for the purpose of making out and receiving the acknowledgment of parties to such instruments, of attesting, registering and keeping the original and authenticating copies, when required. But the question for the determination of this court is, how such instruments are to be *287 considered, when transmitted to foreign countries. Are we, in the present case, bound to require other testimony of the truth and genuineness of the instrument under consideration, than that which it bears on its face?
For a solution of this question, it is necessary to resort to that general rule of evidence, which requires, in all cases, the best that the nature of each will admit. We are of opinion that the only thing necessary to give the certified copy of the power of attorney, the subject of the present contestation, the same credit in our courts of judicature, which it would have in those of Spain, is proof that the person who certifies it is a notary public of the place from whence it comes, and that the certificate attached to it is really his. This evidence might be had by a certificate, under the national seal, attesting that the person certifying the instrument is a notary public for Trinidad, by the king’s appointment, and if the dispute had any relation to his right to fulfill the duties of the office claimed by him, it would be the best evidence admissible in the case. But for all other purposes, it appears to us that proof of his being a notary de facto is sufficient : this may be made by witnesses, as well as by a certificate under the national seal. *288 Therefore, if the witness offered by to plaintiff knows and will prove the person who authenticates the power of attorney to be a notary public, in the city of Trinidad, and that from a knowledge of his handwriting it is he who certifies and signs it, he ought to be received to verify these facts : as this case does not come within the rule of the civil code, which requires a comparison of handwriting by exports.
Cauchoix for the plaintiff, Morel for the defendants.
Upon the whole, we are of opinion that the parish judge erred in rejecting the witness.
It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, and that the cause be remanded for trial with directions to the judge to admit the witness thus offered by the plaintiff.
See same case, February term 1817 and January term 1818.